# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL NO. 2:08CV15-T-02
## (2:00CR18-02-T)

| | |
|---|---|
| EDDIE DEWAYNE CARRINGER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **MEMORANDUM AND<br>ORDER OF DISMISSAL** |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed June 2, 2008. No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255**. However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## I.  PROCEDURAL HISTORY

Petitioner and a co-Defendant were charged with attempting to murder a Special Agent of the Federal Bureau of Investigation and aiding and abetting, in violation of 18 U.S.C. §§ 1114 and 2 (Count One); firing a semi-automatic rifle into the occupied Southeast Bomb Task Force command post and aiding and abetting, in violation of 18 U.S.C. §§ 111 and 2 (Count Two); discharging a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 (Count Three); conspiring to discharge a weapon during and in relation to a crime of violence in violation of 18 U.S.C. § 924(o) (Count Four); and attempting to destroy the Southeast Bomb Task Force command post and endangering the lives of its occupants and aiding and abetting, in violation of 18 U.S.C. §§ 1363 , 7(3) and 2 (Count Five). **Bill of Indictment, filed March 6, 2000**.

Petitioner entered into a written plea agreement with the Government whereby he agreed to plead guilty to the charges set forth in Counts Two and Three of the indictment in exchange for dismissal of the remaining charges by the Government.  **Plea Agreement, filed June 6, 2000**.  The agreement also contained a waiver by which Petitioner forfeited his right to contest his conviction or sentence in any proceeding, except on the grounds of ineffective assistance of counsel or prosecutorial misconduct.  *Id*.

On June 7, 2000, Petitioner appeared with counsel before the Magistrate Judge and formally entered his guilty pleas.  The Magistrate Judge engaged Petitioner in the standard, lengthy plea colloquy pursuant to Rule 11 to ensure that his guilty pleas were knowingly and voluntarily made and entered.  **Rule 11 Inquiry and Order of Acceptance of Plea, filed June 7, 2000**.

At the outset of that proceeding, the Magistrate Judge asked Petitioner if he then was under the influence of any medicines or drugs of any kind, if he was under the care of a doctor or ever had been treated for mental illness or substance abuse.  *Id.* **at 2**. Contrary to his current assertions, Petitioner then stated, under oath, that although he was taking

medication for his "nerves," his mind was clear and he understood the proceedings. *Id*. **at 2-3**. Petitioner further stated that he was not under the care of a doctor and had never been treated for mental illness or substance abuse. *Id.* The Magistrate Judge also asked Petitioner if he had reviewed his indictment and understood the charges and corresponding penalties as they then were explained to him. *Id*. **at 3-4.** Again, under oath, Petitioner stated that he had reviewed the charges with counsel and understood the offenses, the essential elements of each offense, and the maximum penalties of each offense. *Id.* Further, the Magistrate Judge asked Petitioner if he understood and accepted the terms of his plea agreement and if he was satisfied with the services of his attorney, and Petitioner answered in the affirmative. *Id.* **at 6-7**. Based on these and the other answers given by Petitioner, the Magistrate Judge found that his guilty pleas were knowingly and voluntarily made and that he understood the charges, penalties, and consequences of the pleas. *Id.* **at 9.** Accordingly, the Magistrate Judge accepted Petitioner's pleas. *Id*.

On June 6, 2001, the undersigned conducted a factual basis and sentencing hearing. The Court adopted the factual findings and guideline applications made by the Probation Officer that Petitioner was a career

offender, his offense level was 24, his criminal history category was VI, and his resulting sentencing range was 100 to 125 months imprisonment for Count Two. After hearing from the parties, the Court sentenced Petitioner to 100 months on Count Two and to a consecutive mandatory minimum term of 10 years imprisonment on Count Three, for a total of 220 months imprisonment. **Judgment in a Criminal Case, filed July 6, 2001.**

Petitioner did not appeal his conviction or sentence; therefore, his Judgment became final 10 days after entry thereof. *See* **Fed. R. App. P. 4(b)(3)(A).** Now, after a lapse of nearly seven years, Petitioner has returned to this Court with a motion to vacate. However, it is clear from the record that Petitioner's motion is untimely.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2255 provides in pertinent part:

A 1-year period of limitation applies to a motion under this section. The limitation period shall run from the latest of–

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. § 2255**.

### III. DISCUSSION

As was previously noted, Petitioner's Judgment was filed on July 6, 2001, he did not appeal his conviction or sentence; therefore, Petitioner's Judgment became final on July 20, 2001.  **See Fed. R. App. P. 4(b) (providing 10-day appeal period for criminal judgments); *United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001) (noting that pursuant to Rule 4(b), an unappealed judgment becomes final ten days after its entry.)**.  Because Petitioner did not file his § 2255 motion until June 2, 2008, it was filed well outside the one-year statute of limitations period and is, therefore, untimely.

Although Petitioner has attempted to offer an explanation and asks this Court to equitably toll the nearly seven years which elapsed following entry of his Judgment, he has failed to establish that his motion should be construed as timely filed.  Indeed, Petitioner asks the Court to excuse or

equitably toll his delay because at the time of his prosecution and an unspecified period thereafter, he reportedly suffered from the effects of alcohol and drug addictions and "only [] recently learn[ed]" that he was not a career offender. However, this vague and otherwise unsubstantiated assertion is belied by the record and is far from sufficient to render his motion timely filed.

Notwithstanding that he submitted a 40-page memorandum in support of his motion to vacate, Petitioner did not mention the existence of any medical records to support his claim that he has suffered from addictions which rendered him "so mentally incompetent that he could not manage his own affairs and was completely unable to understand his legal rights and act on them" during the relevant period. **See Memorandum of Law and Facts in Support of Petitioner's Section 2255 Motion, filed June 2, 2008, at 24.** Moreover, even if Petitioner could establish those facts, these assertions are not ones which would entitle him to equitable tolling. To put it simply, even if proved, Petitioner's evidence would, at best, tend to establish that it was his drug and alcohol addictions -- and not any circumstances external to his own conduct – which precluded him from timely filing his motion to vacate. **See, e.g., Harris v. Hutchinson,**

**209 F.3d 325, 330 (4th Cir. 2000) (noting that equitable tolling generally is available only where petitioner was prevented from asserting claims by wrongful conduct of the Government, or where extraordinary circumstances beyond petitioner's control made it impossible to file claims in timely manner);** *United States v. Sosa***, 364 F.3d 507, 511-13 (4th Cir. 2004) (discussing the requirements for equitable tolling.)** .

In sum, Petitioner has failed to show that his motion to vacate was timely filed or that his multi-year delay should be equitably tolled; therefore, his motion must be dismissed.  *See United States v. Hardy*, 156 F. App'x 568 (4th Cir. 2005) (affirming dismissal of time-barred § 2255 motion).

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside, or correct judgment pursuant to 28 U.S.C. § 2255 is hereby

**DISMISSED WITH PREJUDICE** as untimely.

Signed: June 23, 2008

Lacy H. Thornburg
United States District Judge