# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
## Civil Case No. 2:12-cv-00026-MR
## [Criminal Case No. 2:00-cr-00018-MR-2]

| | |
|---|---|
| EDDIE DEWAYNE CARRINGER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | <u>O R D E R</u> |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1]. Also before the Court is Petitioner's "Motion for Counsel Pursuant to May 22, 2012 Standing Order" [Doc. 2] and appointed counsel's Motion to Withdraw Appearance [Doc. 4]. For the reasons that follow, Petitioner's Section 2255 motion will be dismissed; his motion to appoint counsel will be denied as moot; and counsel's motion to withdraw will be allowed.

**I.    BACKGROUND**

On July 6, 2001, Petitioner's criminal judgment was entered following his guilty pleas to one count of assault, resist, or impede certain officers or

employees and aiding and abetting the same, in violation of 18 U.S.C. §§ 111 & 2 (Count Two); and one count of the use, carry and discharge of a firearm during and in relation to a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) & 2 (Count Three).  Petitioner was sentenced to a term of 100 months' imprisonment on Count Two, and a term of 120 months' imprisonment on Count Three with those terms to run consecutively, for a total term of incarceration of 220 months.  [Criminal Case No. 2:00-cr-00018-MR-2, Doc. 84: Judgment in a Criminal Case].  Petitioner did not file a direct appeal.

On June 2, 2008, nearly seven years after his criminal judgment became final, Petitioner filed a Section 2255 motion, which the Court dismissed as being untimely under § 2255(f)(1)-(4).  [Civil Case No. 2:08-cv-00015-MR, Docs. 1, 2]. Petitioner moved the Court to reconsider its Order, which the Court denied.  [Id., Docs. 3, 4].  Petitioner then filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit.  On December 16, 2008, the Fourth Circuit denied a certificate of appealability and dismissed his appeal.  United States v. Carringer, 303 F. App'x 151 (4th Cir. 2008).

On February 14, 2012, Petitioner filed the present Section 2255 motion challenging his criminal judgment.[1] In this motion, Petitioner contends that he is entitled to relief based on the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and the Supreme Court's opinion in Carachuri-Rosendo v. Holder, __ U.S. _, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010). [Civil Case No. 2:12-cv-00026-MR, Doc. 1-1 at 4-6].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).[2]

---

[1] The docket sheet reflects that the petition was filed on February 21, 2012; however, the Fourth Circuit directed that the date of filing be the date Petitioner signed the Petition, which was February 14, 2012. [Civil Case No. 2:08-cv-00015, Doc. 14: Order granting writ of mandamus and directing Clerk's Office to file Petitioner's § 2255 Motion].

[2] On May 22, 2012, this Court appointed the Federal Defenders of Western North Carolina, Inc. to determine whether petitioners sentenced in the Western District may be

3

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The present Section 2255 motion is attacking the same criminal judgment which Petitioner challenged through his first Section 2255 motion. Petitioner has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion; therefore, this Court is without jurisdiction to consider the merits of the present Section 2255 motion and it will be dismissed. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

---

entitled to relief under Simmons. Appointed counsel has conducted a review and concluded that the present Petitioner is not entitled to relief and seeks to withdraw from the case. [Civil Case No. 2:12-cv-00026-MR, Doc. 4]. For cause shown, the motion to withdraw will be allowed.

4

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion [Civil Case No. 2:12-cv-00026-MR, Doc. 1] is **DISMISSED** as successive.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Counsel Pursuant to May 22, 2012 Standing Order" [Doc. 2] is **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that counsel's Motion to Withdraw

Appearance [Doc. 4] is **ALLOWED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**  Signed: March 5, 2013

Martin Reidinger
United States District Judge